# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV<br>        Plaintiffs,<br><br>vs.<br><br>MELISSA DATA CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | No. 1:24-cv-04292-HB<br><br>Hon. Harvey Bartle, III |

**<u>DEFENDANT MELISSA DATA CORPORATION'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)</u>**

# **TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................................1

**STATEMENT OF FACTS**....................................................................................................1

**LEGAL ARGUMENT**..........................................................................................................3

**I.**     **This Court Does Not Have General Jurisdiction Over Melissa**......................................3

**II.**    **This Court Does Not Have Specific Jurisdiction Over Melissa** ....................................4

      **A.**     **Melissa Has Not Purposefully Availed Itself In New Jersey.** .............................5

      **B.**     **Plaintiffs' Claims Do Not Arise Out of or Relate to Melissa's Contacts with New Jersey.** .................................................................................................6

      **C.**     **Exercising Jurisdiction Over Melissa Would Not Comport With Principles of Fair Play and Substantial Justice.** ........................................................8

**III.**   **The Court Should Deny Any Request for Jurisdictional Discovery Because Plaintiffs' Boilerplate Complaint Fails to Provide Even "Some Basis" for Jurisdiction.** .......................................................................................................................9

**CONCLUSION** .....................................................................................................................9

# Table of Authorities

**Cases**                                                                                                    **Page(s)**

*Amberson Holdings LLC v. Westside Story Newspaper*,
   110 F. Supp. 2d 332 (D.N.J. 2000) ........................................................................8

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
   334 F. Supp. 2d 629 (D.N.J. 2004) ........................................................................9

*Brand Strategy v. CAC Projects*,
   No. 23-748, 2023 U.S. Dist. LEXIS 126896 (D.N.J. July 5, 2023) ......................4

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ............................................................................................8, 9

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................................3, 4

*Hasson v. FullStory, Inc.*,
   114 F.4th 181 (3d Cir. 2024) ...................................................................................4

*Hurley v. Cancun Playa Oasis Int'l*,
   No. 99-574, 1999 U.S. Dist. LEXIS 13716 (E.D. Pa. Aug. 31, 1999) ..................6

*J. McIntyre Mach., Ltd. v. Nicastro*,
   564 U.S. 873 (2011) ................................................................................................8

*Kim v. Korean Air Lines Co.*,
   513 F. Supp. 3d 462 (D.N.J. 2021) ........................................................................5

*M.H. ex rel. C.H. v. Omegle.com LLC*,
   No. 20-11294, 2021 U.S. Dist. LEXIS 52427 (D.N.J. Mar. 19, 2021) ..................5

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) ...................................................................................5

*Martinez v. Union Officine Meccaniche S.P.A.*,
   No. 22-1364, 2023 U.S. App. LEXIS 11437 (3d Cir. May 10, 2023) ...................7

*Oyebanji v. Palmetto Vacation Rentals LLC*,
   No. 20-cv-8983, 2021 U.S. Dist. LEXIS 159743 (D.N.J. Aug. 20, 2021) .............6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) ...............................................................................4, 5

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*,
 75 F.3d 147 (3d Cir. 1996) ....................................................................................... 8

*Walden v. Fiore*,
 571 U.S. 277 (2014) ................................................................................................ 8

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ................................................................... 1

## INTRODUCTION

The defendant in this action, Melissa Data Corporation ("Melissa"), has joined the consolidated brief submitted in *Atlas Data Privacy Corporation, et al. v. GoHunt, et al.,* Civil Action No. 1:24-cv-04380-HB (ECF 42) (the "Consolidated Brief") in support of Moving Defendants[1] motions to dismiss their respective complaints under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Melissa submits this supplemental memorandum to explain how the legal arguments discussed in the Consolidated Brief apply to this case specifically. *See* Consolidated Brief, n.2.

## STATEMENT OF FACTS

The facts relevant to this application are set forth in detail in the Certification of John Melissa, Jr., dated March 17, 2025 ("Melissa Cert."). Melissa is a privately-held, family-owned company that is incorporated and has its principal place of business in California. ( *See* Melissa Cert. ¶¶ 4-5). Melissa offers web-based services through its universally accessible website www.melissa.com. *Id.* at ¶¶ 3, 7. Melissa does not have any offices, employees or agents in New Jersey and is not registered to do business in New Jersey. *Id.* at ¶¶ 12-14, 17, 19.

---

[1] Unless otherwise defined herein, all capitalized terms in this memorandum shall have the same meaning as set forth in the Consolidated Brief.

1

Melissa's website is accessible worldwide and offers services that relate to address verification worldwide. *Id.* at ¶¶ 7-8. Melissa does not target or direct any action at New Jersey as compared to any other jurisdiction worldwide. *See Id.* at ¶¶ 7. Aside from its website being accessible in New Jersey, Melissa has little or no connections to New Jersey. In fact, Melissa does not target any advertising, marketing or promotions at New Jersey or its residents, *id.* at ¶ 22, and it has undertaken no such activities in New Jersey. *Id.* at ¶ 22, 18. Moreover, Melissa does not own or operate any servers located in New Jersey, *id.* at ¶ 14-15, and the source of the data on Melissa's website is obtained from sources not located in New Jersey. *Id.* at ¶ 23.

Plaintiffs' complaint alleges that it sent takedown notices to Melissa at the email address: consumerrequest@melissa.com. Compl. ¶¶ 38, 50-51[2]. The server for this email address is located in California, Melissa Cert. ¶ 25, and the Melissa employees responsible for monitoring this email and responding to take down notices are located in California and Washington. *Id.* at ¶¶ 24, 26. New Jersey customers are a very small source of revenue of Melissa with less than 4% of Melissa's sales in 2024 being generated from customers with New Jersey addresses. *Id.* at ¶ 21. Because Melissa has no offices, employees or systems in New Jersey, it

---

[2] Unless otherwise stated, all citations in the complaint herein refer to the complaint in this action *Atlas Data Privacy Corporation, et al., v. Melissa Data Corp., et al.*, Civil Action No. 1:24-cv-04292-HB.

2

would be burdensome for Melissa to litigate the claims asserted in the Complaint in New Jersey. *Id.* at ¶ 27.

## **LEGAL ARGUMENT**

Plaintiffs failed to present a *prima facie* case that this Court could exercise either "'general or all-purpose jurisdiction'" or "'specific or conduct-linked jurisdiction'" over the Moving Defendants. *See* Consolidated Brief at 5 (*citing Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). Plaintiff's complaint asserts that "[t]his Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey" as the basis for jurisdiction over Melissa. Compl. ¶41. However, Plaintiffs' conclusory allegations do not remotely support the finding of either general or specific jurisdiction over Melissa.

**I.   THIS COURT DOES NOT HAVE GENERAL JURISDICTION OVER MELISSA**

Melissa is not "at home" in New Jersey and Plaintiffs do not, and cannot make any allegations otherwise. Melissa is incorporated and has its principal place of business in California since its formation. Melissa Cert. ¶¶ 4-5. Additionally, Melissa does not have "continuous and systemic contacts" with New Jersey to render it as essentially at home here. *Daimler*, 571 U.S. at 127. At the time of the allegations in the Complaint Melissa has never had any property, employees or physical offices located in New Jersey *Id.* at ¶¶ 12-14, 17. Moreover, Melissa is not registered to do

3

business in New Jersey. *Id.* at ¶19. *See, e.g.*, *Brand Strategy v. CAC Projects*, No. 23-748, 2023 U.S. Dist. LEXIS 126896, at *10 , at *4 (D.N.J. July 5, 2023) ("the evidence of record falls far short of establishing general jurisdiction . . . [defendant] does not maintain an office in New Jersey or have any New Jersey employees").

Plaintiffs' complaint fails to set forth any allegations to support the exercising of general jurisdiction over Melissa, and no such facts exist. Plaintiffs fail to mention Melissa's citizenship or where it has its principle place of business. The Complaint merely alleges the "Court has jurisdiction because the *parties* reside *and/or* conduct business in New Jersey." Compl. ¶ 42. Therefore, the Court lacks general jurisdiction over Melissa as it cannot be "fairly regarded at home" in New Jersey. *Daimler*, 571 U.S. at 137.

## II. THIS COURT DOES NOT HAVE SPECIFIC JURISDICTION OVER MELISSA

As stated in detail in the Consolidated Brief, Plaintiffs' allegations fail every step of the three-prong test adopted to assess whether Courts can exercise specific personal jurisdiction over defendants. First, "the plaintiff must show that the defendant has 'minimum contacts' with the forum such that it 'purposefully avail[ed] itself of the privilege of conducting activities within the forum' and 'invok[ed] the benefits and protections of [the forum's] laws.'" *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (quoting *Toys "R" Us, Inc.*, 318 F.3d 446, 451 (3d Cir. 2003)). "Second, the plaintiff's claims must arise out of or relate to at

least some of those contacts, evidencing a strong relationship among the defendant, the forum, and the litigation." *Id.* (citations omitted). If those two requirements are met, the Court must then determine whether "the exercise of jurisdiction over the defendant . . . 'comport[s] with traditional notions of fair play and substantial justice' such that 'the defendant should reasonably anticipate being haled into court in that forum.'" *Id.* (quoting *Toys "R" Us*, 318 F.3d at 451). Each step of the three-prong test must be met for the exercise of specific jurisdiction. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). As set forth below, Plaintiffs' assertion that this Court has jurisdiction fails all three steps.

### A. Melissa Has Not Purposefully Availed Itself In New Jersey.

The Complaint does not allege any facts that demonstrate that Melissa directed or targeted any activities at New Jersey. The Complaint merely alleges that Melissa owns and operates a website (www.melissa.com) that makes available certain information relating to Covered Persons. *See* Compl. ¶¶ 27, 36, 38. However, Courts lack jurisdiction on that basis alone: "'[t]he mere operation of a commercially interactive web site' does not confer jurisdiction wherever that website may be accessed." *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 470 (D.N.J. 2021) (quoting *Toys "R" Us*, 318 F.3d at 454); *see also M.H. ex rel. C.H. v. Omegle.com LLC*, No. 20-11294, 2021 U.S. Dist. LEXIS 52427, at *6 (D.N.J. Mar. 19, 2021) ("[A] generally accessible website that looks and operates the same for users across

5

the world . . . is not enough to create personal jurisdiction in New Jersey"); *Hurley v. Cancun Playa Oasis Int'l*, No. 99-574, 1999 U.S. Dist. LEXIS 13716, at *9 (E.D. Pa. Aug. 31, 1999) (Bartle, J.) (concluding Pennsylvania lacked jurisdiction because there was no evidence "[defendant's] Web page was directed at Pennsylvania more than any other state"); *Oyebanji v. Palmetto Vacation Rentals LLC*, Civil Action No. 20-cv-8983 (KSH) (CLW), 2021 U.S. Dist. LEXIS 159743, at *7 (D.N.J. Aug. 20, 2021) (holding same).

Here, Melissa has not targeted any of its activities at New Jersey, and Plaintiffs cannot allege otherwise. Melissa operates a website outside of New Jersey. *See generally* Melissa Cert. To the extent that Melissa employs advertising, marketing or promotional materials or engages in advertising or marketing activities, they are targeted at individuals and business in all fifty states. *Id.* at ¶ 22 In fact, Melissa has not engaged in marketing, advertising, or promoting its services in New Jersey. *Id*. Indeed, sales of subscriptions to customers in New Jersey represented less that 4% of Melissa's sales in 2024, with similar percentages in 2022 and 2023. *Id.* at ¶ 21.

**B.     Plaintiffs' Claims Do Not Arise Out of or Relate to Melissa's Contacts with New Jersey.**

This Court cannot exercise jurisdiction over Melissa because Plaintiffs claims do not rise out of Melissa's contacts with New Jersey. Plaintiffs attempt to make the connection between Melissa, New Jersey and this litigation by making two

6

allegations: first, that Defendants supposedly disclosed New Jersey address and telephone information, including in New Jersey, Compl. ¶ 38, and second, that takedown requests purportedly were emailed *from* New Jersey *to* the Moving Defendants. *Id.* ¶ 50. Critically, however, the "core characteristic[]" of a Daniel's Law claim is a failure to timely take down certain information *after* receiving a valid request. *Martinez v. Union Officine Meccaniche S.P.A.*, No. 22-1364, 2023 U.S. App. LEXIS 11437, at *6 (3d Cir. May 10, 2023) (explaining that the only conduct related to the "core characteristics of the . . . claim" matters for specific jurisdiction). Here, it is clear that any conduct by Melissa related to the allegation that it violated Daniel's Law did not occur in New Jersey. As stated above, Melissa does not maintain any offices or employees in New Jersey. Melissa Cert. ¶¶ 12-14, 17. Moreover, the data on Melissa's website is obtained from sources not located in New Jersey, *id.* at ¶ 23, the email address where Plaintiffs allege the takedown notices were sent (consumerrequest@melissa.com) are monitored by employees located in California and Washington, and the server for said email is located in California. *Id.* at ¶ 24. Melissa staff charged with responsibility for responding to takedown requests from anywhere in the world are located in California and Washington, not in New Jersey. *Id.* at ¶ 24, 26. Melissa's website has been operated by servers located in California only and Melissa has not owned or operated any servers in New Jersey. *Id.* at ¶ 14-15.

7

The only link between Plaintiffs' claim and this state is that the takedown notices were purportedly sent by Atlas from New Jersey. However, this fact does not relate to any conduct or action taken by Melissa and cannot be the basis to support jurisdiction. *Amberson Holdings LLC v. Westside Story Newspaper*, 110 F. Supp. 2d 332, 334 (D.N.J. 2000); *Walden v. Fiore*, 571 U.S. 277, 285 (2014)("[T]he plaintiff cannot be the only link between the defendant and the forum."). Instead, "the cause of action [must] arise[] from the *defendant's* forum related activities." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (emphasis added); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 883 (2011) .

### C. Exercising Jurisdiction Over Melissa Would Not Comport With Principles of Fair Play and Substantial Justice.

Plaintiffs also fail the third prong of the specific personal jurisdiction test. The factors of fair play and substantial justice heavily favor against the exercise of specific personal jurisdiction over Melissa in New Jersey. This third prong of the specific jurisdiction inquiry looks at "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985).

8

Here, the burden on Melissa to litigate this action in New Jersey is significant. Plaintiff is incorporated and has its principal place of business in California. Melissa Cert. ¶¶ 4-5. Melissa does not have any offices, employees or agents in New Jersey. *Id.* at ¶¶ 12-13, 17-19. Given those facts, asserting personal jurisdiction over Melissa would be unduly burdensome given its minimal ties and connection to New Jersey. The only connection Plaintiffs can point to between Melissa and New Jersey is that Melissa operates a universally available website that can be accessed in New Jersey. Therefore, Melissa could not "'reasonably anticipate being haled into [New Jersey] court'" solely on that basis, *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 635 (D.N.J. 2004) (quoting *Burger King*, 471 U.S. at 474-75). Thus, an assertion of jurisdiction here over the Moving Defendants, whose only connection to the state are universally available websites, would not comport with standards of fair play and substantial justice.

### III. THE COURT SHOULD DENY ANY REQUEST FOR JURISDICTIONAL DISCOVERY BECAUSE PLAINTIFFS' BOILERPLATE COMPLAINT FAILS TO PROVIDE EVEN "SOME BASIS" FOR JURISDICTION.

This Court should deny any requests for jurisdictional discovery for the reasons stated in the Consolidated Brief.

### CONCLUSION

For the foregoing reasons, the complaint should be dismissed against Melissa for lack of personal jurisdiction.

9

Dated: March 18, 2024

**RIKER DANZIG LLP**
/s/ *Michael P. O'Mullan*
Michael P. O'Mullan, Esq. (ID 029681996)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
Telephone: (973) 451-8477
Email: momullan@riker.com

*Attorneys for Defendant,*
Melissa Data Corporation