Michael P. O'Mullan
Omar Marouf
**RIKER DANZIG LLP**
7 Giralda Farms, Suite 250
Madison, NJ 07940-1051
Tel: (973) 538-0800
MOMullan@RIKER. com
Omarouf@RIKER.com

*Attorneys for Defendant*
*Melissa Data Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV <br><br> Plaintiff(s), <br><br> v. <br><br> MELISSA DATA CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendant(s). | Case No. 1:24-cv-04292-HB |

## DEFENDANT MELISSA DATA CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant Melissa Data Corporation ("Melissa"), by and through its counsel

Riker Danzig LLP, hereby answers the Complaint of Plaintiffs Atlas Data Privacy

Corporation Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Patrick Colligan, and Peter Andreyev (collectively, "Plaintiffs") and pleads as follows:

## **INTRODUCTION**[1]

1.     Melissa only admits that the New Jersey legislature passed Daniel's Law. Daniel's Law is a writing that speaks for itself and the remaining allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied to the extent they are conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

2.     Melissa lacks knowledge or information sufficient to form a belief as to Plaintiffs' motivations for filing the Complaint. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

3.     The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Melissa denies the allegations.

---

[1] This document adopts the headings of the Complaint only for the Court's ease of reference. Melissa disclaims any suggestion that it agrees with or admits any alleged statement contained in the headings. Throughout this pleading any assertion that is not specifically admitted shall be deemed denied.

4.    Melissa denies that it has violated Daniel's Law and lacks knowledge of or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. To the extent a further response is required, Melissa denies the allegations.

## BACKGROUND

5.    Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

6.    Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

7.    Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

8.    Melissa admits only that that the New Jersey legislature passed Daniel's Law. Daniel's Law is a writing that speaks for itself and the remaining allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied to the extent they are conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

9.    Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no

response is required. To the extent a further response is required, Melissa denies the allegations.

10. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

11. The federal bill referred to in this paragraph of the Complaint is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith.

12. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph. The allegations of this paragraph are also denied as conclusions of law to which no response is required.

13. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

14. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

## THE PARTIES

15. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

16. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

17. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

18. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

19. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

20. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

21. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

22. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

23. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

24. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

25. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

26. Melissa denies it violated Daniel's Law. Melissa lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

27. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

28. Melissa denies it violated Daniel's Law and denies the allegations of this paragraph as it relates to Melissa. Melissa lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

29. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

30. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

31. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

32. Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

33.    Melissa denies the allegations of this paragraph as it relates to Melissa and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. By way of further response, Melissa states that the image posted into Paragraph 33 of the Complaint references website addresses that Melissa does not maintain or control and with which Melissa has no affiliation.

34.    Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

35.    To the extent the allegations in this paragraph are conclusions of law, no response is required. To the extent a response is required, Melissa denies the allegations. Melissa otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

36.    The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Melissa denies the allegations in this paragraph in the Complaint.

37.    Melissa lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

38.    Melissa admits only that it maintains the website melissa.com. Melissa otherwise denies the remaining allegations in this paragraph.

39.    Melissa denies that it violated Daniel's Law. Melissa only admits that it furnishes constitutionally protected useful information on its website, which speaks for itself, and other denies the allegations in this paragraph in the Complaint.

40.    The allegations in this paragraph are conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

### JURISDICTION AND VENUE

41.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a further response is required, Melissa lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the location of Plaintiffs or the alleged Covered Persons.  Melissa otherwise denies the remaining allegations stated in this paragraph of the Complaint.

42.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a further response is required, Melissa lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the location of Plaintiffs or the alleged Covered Persons.  Melissa otherwise denies the remaining allegations stated in this paragraph of the Complaint.

## FACTS COMMON TO ALL COUNTS

43.    Melissa only admits that the New Jersey legislature passed Daniel's Law. Daniel's Law is a writing that speaks for itself and the remaining allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied to the extent they are conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

44.    Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

45.    Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

46.    Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no

response is required. To the extent a further response is required, Melissa denies the allegations.

47.    Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

48.    Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

49.    Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

50.    Melissa denies that it violated Daniel's Law and lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

51. Melissa denies that it violated Daniel's Law and lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

52. Melissa denies that it violated Daniel's Law and denies the allegations stated in this paragraph.

53. Melissa denies that it violated Daniel's Law and denies the allegations stated in this paragraph.

54. Melissa denies that it violated Daniel's Law and  lacks knowledge or information sufficient to form a belief about the truth of these allegations in this paragraph.

55. Melissa denies that it violated Daniel's Law , denies any remaining allegations in this paragraph, and denies that Plaintiffs are entitled to any relief from Melissa.

## <u>COUNT ONE</u>

### (Daniel's Law)

56. Melissa repeats its responses to Paragraphs 1- 55 and incorporates those responses by reference.

57. Melissa denies the allegations related to Melissa stated in this paragraph and otherwise denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

58. Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a further response is required, Melissa denies the allegations.

59. Melissa denies that it violated Daniel's Law and denies the allegations stated in this paragraph.

60. Melissa denies that it violated Daniel's Law and denies the allegations stated in this paragraph.

61. Melissa denies that it violated Daniel's Law, denies any remaining allegations in this paragraph, and denies that Plaintiffs are entitled to any relief from Melissa.

62. Melissa denies that it violated Daniel's Law, denies any remaining allegations in this paragraph, and denies that Plaintiffs are entitled to any relief from Melissa.

**WHEREFORE**, prays that this Honorable Court find that Melissa did not violate Daniel's Law; dismiss Plaintiffs' claims against Melissa with prejudice; and award Melissa such other and further relief, including reasonable attorneys' fees as the Court deems right and just.

## SEPARATE AND AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiffs or the alleged Covered Persons, Melissa asserts the following affirmative and other defenses as to each and every claim raised against it. These defenses are based on Melissa's knowledge, information and understanding of the allegations and belief at this time. Melissa intends to rely upon such other defenses as may become apparent or legally available at a subsequent stage of this action, and hereby reserves its right to amend, modify, supplement or develop such defenses, and to assert such other defenses as they may become available as the action progresses.

## FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack Article III standing.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have suffered no actual injury.

## THIRD DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

13

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because at all times relevant to this matter, Melissa acted in good faith and complied with all applicable laws, including Daniel's Law.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs fail to state a cause of action upon which relief may be granted.

## SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the First and Fourteenth Amendments to the United States Constitution.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel, res judicata, entire controversy, and/or issue preclusion.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Atlas Data Privacy Corporation is not an appropriate assignee under Daniel's Law for one or more of the assignors, and/or the assignments are otherwise invalid.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of impossibility of performance or compliance.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to mitigate damages.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages proximately caused by Melissa's actions, and Plaintiffs' claims are barred completely, or in part, for failure to show "actual damages" as required by N.J.S.A. 56:8-166.1(c)(1).

## TWELFTH DEFENSE

The alleged damages sustained by Plaintiffs, if any, were caused by the conduct of third parties over whom Melissa had no control.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the information at issue is truthful, was lawfully obtained, and concerns a matter of public significance, and the imposition of liability would not be narrowly tailored to serve a state interest of the highest order.

## FOURTEENTH DEFENSE

Daniel's Law may not be enforced against Melissa because it facially violates the United States Constitution and/or New Jersey Constitution. Alternatively, application of Daniel's Law against Melissa under the facts of this

case would violate the United States Constitution and/or New Jersey Constitution.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own acts or omissions are the cause of any alleged loss.

## SIXTEENTH DEFENSE

Daniel's Law may not be enforced against Melissa because it is immune from suit under Section 230 of the Communications Decency Act.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Melissa did not at any time willfully, intentionally, knowingly, or negligently fail to comply with applicable law.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of comparative and/or contributory negligence.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

## TWENTIETH DEFENSE

Plaintiffs' claims for liquidated damages fail to the extent that such

16

damages would constitute an impermissible penalty and/or fail to reasonably relate to any claimed actual damages.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages fail to the extent that the Complaint states no facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state or federal constitutional principles.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because Atlas' actions constitute entrapment by sending takedown notices in a burdensome manner.

## TWENTY-THIRD DEFENSE

To the extent Melissa is found to be liable to Plaintiffs, Melissa is entitled to equitable indemnification.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are frivolous.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs consented, whether expressly or impliedly, to the conduct at issue.

17

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply with the obligations of Daniel's Law to trigger any obligations by Melissa under Daniel's Law.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, including insofar or, among other things, Atlas intentionally waited and sent takedown notices in a manner that was intended to create noncompliance.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## TWENTY- NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver and/or estoppel.

## THIRTIETH DEFENSE

Plaintiffs are not entitled to receive punitive damages because Plaintiffs did not plead and cannot prove facts sufficient to support such an award under Daniel's Law.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims against Melissa are barred, in whole or in part, by the doctrines of comparative and/or contributory negligence.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred because this Court lacks personal jurisdiction over Melissa.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent that they have failed to satisfy any condition precedent to suit.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs failed to allege that Melissa acted negligently.

## THIRTY-FIFTH DEFENSE

Plaintiffs fail to sufficiently allege that Melissas disclosed any of Plaintiffs' protected information after the ten-day statutory compliance period under Daniel's Law.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred because Melissa did not owe a duty to Plaintiffs and/or the alleged assignors.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred because Melissa did not breach any duty.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply with the requirements of Daniel's Law to trigger any obligations by Melissas under Daniel's Law.

## THIRTY-NINETH DEFENSE

Plaintiffs' claims are barred because Daniel's Law violates the United States Constitution and New Jersey Constitution as applied to Melissa.

## FORTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because performance was impossible, as a result of, among other things, the delay and intentional sending of thousands of takedown notices in a manner intended to make it impossible to comply.

## FORTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because performance was, as a result of the delay and intentional sending of thousands of takedown notices in a manner that would thwart compliance.

## FORTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Daniel's Law does not apply extraterritorially to Melissa.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any and all acts, occurrences, and damages alleged or referred to in the Complaint were proximately caused by the bad faith of one or more Plaintiffs and/or others in that Plaintiffs and/or others failed to deal properly, fairly, honestly and reasonably with Melissa. Plaintiffs' strategic actions to frustrate compliance by sending takedown notices en masse is evidence of bad faith and reduces any right to recovery.

## FORTY-FOURTH DEFENSE

The claims are barred in whole or in part to the extent Plaintiffs' and/or alleged assignors' information allegedly subject to Daniel's Law was not on  Melissa's website nor in Melissa's possession.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs' an/or alleged assignors information was made publicly available by others, including, but not limited to, Plaintiffs and/or alleged assignors.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs breached Melissa's online Terms of Service, including with respect to the manner that the requests were sent through the AtlasMail system.

## FORTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they attempt to repurpose Daniel's Law into a vehicle for private commercial gain, contrary to fundamental public policy.

## FORTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations.

## FORTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because the alleged requests were sent for an improper purpose, and in an effort to manufacture and pursue litigation on a mass group action basis, not to seek compensation for damages suffered, as contemplated by statute.

## FIFTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because the statutory damages provisions of the law are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate the United States Constitution.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, including but not limited to delaying takedown requests

22

and/or refusal to use Melissas' existing designated processes for processing of opt-out requests.

## FIFTY-SECOND DEFENSE

Plaintiffs' claims are barred because Daniel's Law violates the First Amendment of the United States Constitution and New Jersey Constitution as it imposes as strict liability penalty on legal and protected speech.

## FIFTY-THIRD DEFENSE

Melissa reserves its right to assert additional affirmative defenses at such time and to such extent as warranted by its ongoing discovery of the facts of this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Melissa prays that this Honorable Court to find that Melissa did not violate Daniel's Law; to dismiss Plaintiffs' claims against Melissa with prejudice; and to award Melissa such other and further relief, including reasonable attorneys' fees as the Court deems right and just.

## CERTIFICATION PURSUANT TO L.R. 11.2

I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action in any court or other pending arbitration or administrative proceeding. I have no knowledge at this time of the names of any other party who should be joined in this action.

23

Respectfully Submitted,

**RIKER DANZIG LLP**

By:   <u>/s/ *Michael P. O'Mullan*</u>
       Michael P. O'Mullan
       Omar Marouf
       7 Giralda Farms, Suite 250
       Madison, NJ 07940-1051
       Tel: (973) 538-0800
       MOMullan@RIKER.com
       Omarouf@RIKER.com
       *Attorneys for Defendant*
       *Melissa Data Corporation*

Dated: April 1, 2026

24

25

## CERTIFICATE OF SERVICE

I, Omar Marouf, Esq., hereby certify that I directed the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 1st day of April, 2026.

**RIKER DANZIG LLP**

By: /s/ *Omar Marouf*
   Omar Marouf