## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV<br><br>Plaintiffs,<br><br>vs.<br><br>MELISSA DATA CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | No. 1:24-cv-04292-HB<br><br>Hon. Harvey Bartle, III<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER TO SEAL** |

**THIS MATTER** having come before the Court upon the application of Defendant Melissa Data Corporation ("Melissa"), pursuant to Local Civil Rule 5.3(c), to seal certain documents filed in connection with Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [ECF Nos. 99 (Brief in Opposition to Motion) and 100-2 (Excerpts of the Transcript of John Melissa Jr. Rule 30(b)(6) deposition)], as well as certain documents filed in connection with Melissa's reply brief [ECF Nos. 102-1 (Melissa's Amended

Responses to Interrogatories Nos. 5 and 6 of Plaintiffs' Jurisdictional Interrogatories), 102-2 (Melissa's Responses to Plaintiffs' Jurisdictional Interrogatories, 102-3 (Excerpts of the Transcript of John Melissa Jr. Rule 30(b)(6) deposition), 102-4 (Exhibit 10 to the Transcript of John Melissa Jr. Rule 30(b)(6) deposition) and 102-5 (Exhibit 12 to the Transcript of John Melissa Jr. Rule 30(b)(6) deposition)]; and the Court having considered any written submissions of the parties; and the Court having determined that this motion involves the protection of information that is of a highly sensitive business or personal nature, the disclosure of which being highly likely to cause significant harm to a person, or a business, or the competitive position of the business, and consistent with New Jersey law and sound public policy, and for other and good cause otherwise having been shown; the Court makes the following findings and conclusions:

1.     Melissa produced certain discovery responses to Plaintiffs throughout the course of jurisdictional discovery pursuant to the Court's Confidentiality Order [ECF No 65.], including responses to interrogatories, responses to documents requests, supplemental and amended answers to interrogatories.

2.     Melissa filed a motion to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant F.R.C.P. 12(b)(2).

3.     In response to said motion, Plaintiffs filed an opposition to the Motion. (the "Opposition").

4.    The Opposition included a brief [ECF No. 99] and attached as an Exhibit B excerpts of Melissa's Rule 30(b)(6) deposition transcript [ECF 100-2][1].

5.    Melissa's reply to Plaintiff's Opposition filed a brief [ECF 101] and a certification of counsel attaching the following as exhibits: (1) Melissa's Amended Responses to Interrogatories Nos. 5 and 6 of Plaintiffs' Jurisdictional Interrogatories [ECF No. 102-1]; (2) Melissa's Responses to Plaintiffs' Jurisdictional Interrogatories [ECF No. 102-2]; (3) excerpts of the Transcript of John Melissa, Jr. Rule 30(b)(6) deposition) [ECF 102-3]; (4) Exhibit 10 to the Transcript of John Melissa, Jr. Rule 30(b)(6) deposition [ECF No. 102-4]; and (5) Exhibit 12 to the Transcript of John Melissa, Jr. Rule 30(b)(6) deposition [ECF No. 102-5].

6.    Melissa, pursuant to the Confidentiality Order, marked the aforementioned discovery responses as confidential.

7.    The aforementioned discovery responses include highly proprietary confidential, and sensitive information of Melissa relating to its business operations, relationships with its vendors, internal confidential financial information, revenues generated from data purchases, and the types of data sold, purchased, or licensed.

8.    Melissa has not publicly disclosed the aforementioned confidential

---

[1] Copies of ECF 99 and ECF 100-2 were filed on the following dockets: *Atlas Data Privacy Corp., et al., v. Equimine, Inc., et al.*, (Civil Action No. 24-cv-004261) and *Atlas Data Privacy Corp., et al., v. Innovative Web Solutsions, LLC, et al.*, (Civil Action No. 25-cv-01535).

information and the information was disclosed to Plaintiffs subject to the Confidentiality Order of this Court.

9.      If such confidential information were publicly disclosed, Melissa faces an imminent risk of serious injury, including adverse effects on its business relationships and diminished competitive advantage.

10.     Melissa's request to redact designated portions of the Plaintiffs' Opposition[2], excerpts of Melissa's Rule 30(b)(6) deposition Transcript, Melissa's answers to Plaintiffs' jurisdictional interrogatories, and amendments thereto is the least restrictive method, only affecting limited portions of all said documents.

11.     Melissa requests to completely seal certain exhibits filed as parts of its reply as said exhibits entirely contain Melissa's confidential business information and internal financial information. No lesser restrictive method of protecting Melissa's confidential information exists.

12.     Plaintiffs do not oppose this motion.

13.     This Court concludes that Melissa's application in support of its Motion to Seal has met its burden under Local Civil Rule 5.3(c) and applicable case law and shown good cause for sealing the designated information and submission of a redacted version of the Opposition, excerpts of the deposition Transcript, and

---

[2] The Opposition directly quotes and/or cites from Melissa's confidential responses to interrogatories and deposition testimony.

Melissa's responses to Plaintiffs' interrogatories and amendments thereto.

14.     This Court also concludes that Melissa's application in support of its Motion to Seal has met its burden to have the Exhibits to the deposition Transcript attached as part of Defendant's Reply remain fully sealed and no lesser restrictive alternative exists to protect Melissa's financial information.

15.     In civil cases, there exists a common law public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)).  But "[t]his right of access is not absolute, [and] requires a weighing of competing interests." *Malhan v. Grewal*, No. CV 16-8495 (CCC), 2020 WL 6689753, at *3 (D.N.J. Nov. 13, 2020) (quoting *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018)). As such, the party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

16.     The burden to establish that a motion to seal under Local Civil Rule 5.3(c) should be granted is on the moving party. The rule requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury

that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

17. Further, applications that propose to only seal "particular portions" of materials containing confidential information have been found to be least restrictive methods to protect sensitive and proprietary information. *See Immunomedics, Inc. v. Roger Williams Med. Ctr.*, No. 15-CV-04526, 2018 WL 11417043, at *2 (D.N.J. Sept. 18, 2018).

18. A review of the discovery responses and deposition transcripts and (exhibits thereto) appended to Plaintiffs' Opposition (ECF Docket Entry Nos. 100-2) and Defendant's Reply (ECF Nos. 102-1, 102-2, 102-3, 102-4 and 102-5) indicates that Melissa's designation of those documents as confidential is appropriate under the circumstances, as they contain highly sensitive business information, the disclosure of which is likely to lead to significant harm to the business or to the competitive position of the business.

19. The Court is satisfied that the legitimate private interests of Melissa outweigh any interest the public may have in viewing Melissa's personal jurisdiction discovery responses or deposition testimony.

20. The Court is satisfied that the information which is the subject of Melissa's instant motion satisfies the standards set forth in Local Rule 5.3(c), as it is highly sensitive, and there is no less restrictive alternative to sealing the documents

at issue.

**THEREFORE**, it is on this   23rd   day of April 2026;

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that Melissa's Motion to Seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permanently seal all designated portions of Plaintiffs' Opposition [ECF No. 99] and the Rule 30(b)(6) Opposition Transcript [ECF No. 100-2], including all exhibits and papers attached.

**IT IS FURTHER ORDERED** that copies of said Opposition [ECF No. 99] and the Rule 30(b)(6) Opposition Transcript [ECF No. 100-2], including all exhibits and papers attached that were filed on other dockets, including, but not limited to, *Atlas Data Privacy Corp., et al., v. Equimine, Inc., et al.*, (Civil Action No. 24-cv-004261) and *Atlas Data Privacy Corp., et al., v. Innovative Web Solutsions, LLC*, et al., (Civil Action No. 25-cv-01535). shall also remain sealed.

**IT IS FURTHER ORDERED** that Plaintiffs shall refile their Opposition [ECF No. 99] and the Rule 30(b)(6) Opposition Transcript [ECF No. 100-2], including all exhibits and papers attached in a redacted form within 14 days of this Order's date, in compliance with Local Civil Rule 5.3(c)(4).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permanently seal all designated portions of Melissa's exhibits filed in in support of its Reply Brief

[ECF Doc Nos. 102-1, 102-2, 102-3, 102-4 and 102-5).

**IT IS FURTHER ORDERED** that Melissa shall refile (1) Melissa's Amended Responses to Interrogatories Nos. 5 and 6 of Plaintiffs' Jurisdictional Interrogatories (ECF No. 102-1]), (2) Melissa's Responses to Plaintiffs' Jurisdictional Interrogatories (ECF No. 102-2); and (3) excerpts of the Transcript of John Melissa, Jr. Rule 30(b)(6) deposition) (ECF 102-3) in a redacted form within 14 days of this Order's date, in compliance with Local Civil Rule 5.3(c)(4).

**IT IS FURTHER ORDERED** (1) Exhibit 10 to the Transcript of John Melissa, Jr.'s Rule 30(b)(6) deposition (ECF No. 102-4); and (2) Exhibit 12 to the Transcript of John Melissa, Jr.'s Rule 30(b)(6) deposition (ECF No. 102-5) shall remain fully sealed.

**SO ORDERED:**

**BY:** /s/ Harvey Bartle III

**J.**