# Exhibit 1

RIKER DANZIG LLP
Michael P. O'Mullan
Omar Marouf
7 Giralda Farms, Suite 250
Madison, NJ 07940
(973) 538-0800
*Attorneys for Defendant, Melissa Data Corp.*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV, | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiffs, vs**.** | Case Action No. 1:24-cv-04292 |
| MELISSA DATA CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, Defendant. | |

### DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO INTERROGATORY NOS. 5 AND 6 FROM PLAINTIFFS' FIRST INTERROGATORIES  RELATING TO JURISDICTIONAL DISCOVERY

Defendant Melissa Data Corp. ("Defendant"), by and through its attorneys, Riker Danzig LLP, serves its supplemental objections and responses to Interrogatory Nos 3 and 6 from the First Set of Interrogatories ("Interrogatory" or "Interrogatories") by Plaintiffs pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules and the Court's order dated August 13, 2025 (Dkt. 80).

Defendant incorporates herein its Explanatory Objections and Objections to Definitions made in its Responses and Objections To Plaintiffs' First Set of Document Requests Relating to Jurisdictional Discovery, dated May 14, 2025.

## SPECIFIC AMENDED OBJECTIONS AND RESPONSES TO INTERROGATORIES NOS. 3 AND 6

## INTERROGATORY NO. 5

Identify any entity with whom Defendant has since December 1, 2023 had any contracts, agreements, or arrangements in connection with or for the provision of any product, service, or digital platform that has published, provided access to, or otherwise made available information subject to Daniel's Law, including without limitation entities in New Jersey.

**RESPONSE(5)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant further objects to the term "information subject to Daniel's Law"as undefined and calling for a legal conclusion. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds that ███

2



**<u>AMENDED RESPONSE:</u>**

Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant further objects to the term "information subject to Daniel's Law" as undefined and calling for a legal conclusion. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, a2025 (Dkt. 65), Defendant responds that

4



## INTERROGATORY NO. 6

Identify all sources from which Defendant obtained information related to information

subject to Daniel's Law, including without limitation entities in New Jersey and any

public records made available by the State of New Jersey, any agency or instrumentality

5

of the State of New Jersey, any county, municipality, or other local government in New Jersey, or any agency or instrumentality thereof.

**RESPONSE (6)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case.   Defendant also objects to this Interrogatory to the extent  it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction.  Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant further objects to the term "information subject to Daniel's Law" as undefined and calling for a legal conclusion.  Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds by referring Plaintiffs to its Response to Interrogatory No. 5. ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████████████████

███████████████████████

6



7

███████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████████████

███████████████

**AMENDED SUPPLEMENTAL RESPONSE:**

Defendant objects to this Interrogatory to the extent it seeks communications

or information covered by the attorney-client privilege or attorney work-product

privilege. Subject to each of the foregoing Explanatory and Specific Objections in

the original response to this Interrogatory, ████████████████████████████

███████████

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

8



Dated: October 14, 2025

**RIKER DANZIG LLP**

/s/ *Michael P. O'Mullan*
Michael P. O'Mullan
7 Giralda Farms, Suite 250
Madison, NJ 07940
Telephone: (973) 451-8477
Email: momullan@riker.com

*Attorneys for defendant*
*Melissa Data Corporation*

10

# **CERTIFICATION**

I am the Chief Financial Officer of Melissa Data Corporation. I hereby certify that, under penalty of perjury, to the best of my knowledge, the foregoing answers to interrogatories are true based upon the business records of Defendant, information provided by employees, officers and agents of Defendant, or to the best of my knowledge.

/s/ *John Melissa, Jr.*
John Melissa, Jr.

Dated: October 14, 2025.

11

## CERTIFICATE OF SERVICE

I, Michael P. O'Mullan, hereby certify that on October 14, 2025, I caused the

foregoing to be transmitted by email to the following:

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email: rparikh@pemlawfirm.com
        keinhorn@pemlawfirm.com
        jmerejo@pemlawfirm.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
Ryan J. McGee
John A. Yanchunis
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Email: rmcgee@forthepeople.com
        jyanchunis@forthepeople.com

DATED this 14th day of October, 2025.

**RIKER DANZIG LLP**
/s/ *Michael P. O'Mullan*
Michael P. O'Mullan
7 Giralda Farms, Suite 250
Madison, NJ 07940
Telephone: (973) 451-8477
Email: momullan@riker.com

*Attorneys for defendant*
*Melissa Data Corporation*

12

# Exhibit 2

RIKER DANZIG LLP
Michael P. O'Mullan
Omar Marouf
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
*Attorneys for Defendant, Melissa Data Corp.*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV, | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiffs, | Case Action No. 1:24-cv-04292 |
| vs**.** | |
| MELISSA DATA CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendant. | |

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES RELATING TO JURISDICTIONAL DISCOVERY

Defendant Melissa Data Corp. ("Defendant"), by and through its attorneys, Riker Danzig LLP, hereby objects and responds to the First Set of Interrogatories ("Interrogatory" or "Interrogatories") by Plaintiffs pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules. Defendant reserves the right to supplement these responses.

## **EXPLANATORY OBJECTIONS**

1.      Defendant objects to the Interrogatories to the extent that they seek documents or information that are not relevant to the issue of personal jurisdiction and thus seek documents and information beyond those called for by the Court's Order dated April 2, 2025, permitting limited discovery at the present time going to the pending motions to dismiss for lack of personal jurisdiction.

2.      Defendant objects to the Interrogatories to the extent that they are not applicable to the instant matter.

3.      Defendant objects to the Interrogatories to the extent that they attempt to impose obligations on it other than those authorized or imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

4.      Defendant objects to these Interrogatories to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privileges. Privileged documents and information will not be provided. Moreover, the inadvertent production of documents or information protected by any such privilege or doctrine shall not constitute a waiver thereof, either as to the documents or information so inadvertently produced or as to any other documents or information.

5.      Defendant objects to these Interrogatories to the extent that they are beyond the burden standards set forth under Federal Rules of Civil Procedure and the Local Civil Rules.

6.      Defendant objects to these Interrogatories to the extent that they seek information that is not within its possession, custody, or control.

7.      All responses provided by Defendant shall be used by Plaintiffs solely for the purpose of the instant matter. Plaintiff shall not use, directly or indirectly, any documents produced and/or information provided by Defendant for any other purpose or in any other proceeding.

8.      Defendant object to these Interrogatories as they are disproportionate to the needs of the case, including, but not limited to, the issue of whether Defendant is subject to personal jurisdiction in the State of New Jersey.

9.      Defendant objects to these Interrogatories, including the Definitions and Instructions therein, to the extent that they are overly broad, vague, ambiguous, incomprehensible, or otherwise lacking in sufficient precision to permit a response, unduly burdensome, oppressive, unreasonably cumulative, duplicative or intended to harass, or not relevant to the issue of whether Defendant is subject to personal jurisdiction in the State of New Jersey or reasonably calculated to lead to the discovery of admissible evidence on that issue.

10.      Defendant's Responses to these Interrogatories are based upon information currently available to them. Defendant reserves the right to rely on any facts, documents or other evidence which may develop or subsequently come to its attention, to assert additional Objections or to correct, supplement or amend these Responses at any time.

11.      Defendant objects to the Interrogatories to the extent that they require Defendant to ascertain, compile or produce information that can be obtained just as easily by Plaintiff.

12.      Defendant objects to any and all Interrogatories that seek the disclosure of information and/or production of documents that may be obtained by Plaintiff with the same or lesser degree of effort than would be required of Defendant, as such requests are unduly burdensome.

3

13.    Defendant objects to any and all Interrogatories that seek to require the identification and/or organization of documents in any specific order or grouping.

14.    Defendant objects to the Interrogatories to the extent they involve undefined, ambiguous, open-ended, or otherwise vague or confusing phraseology.

15.    Defendant objects to the Interrogatories to the extent they are not limited to the time period relevant to this litigation and/or specified in Federal discovery rules and procedures, including the Local Rules for the District of New Jersey.

16.    Defendant objects to these Interrogatories to the extent that they seek Defendant's confidential or proprietary business information. Any confidential information to be produced will be produced only after the parties enter into a mutually agreeable confidentiality order.

17.    To the extent that any Interrogatory seeks "all documents" or "all records," without stating with particularity the document(s) or category of documents, Defendant objects on the grounds that the Interrogatories are vague, overbroad and unduly burdensome. Additionally, Interrogatories that seek to require forensic searches and retrieval of electronically stored information and/or communications other than readily available electronic files are objected to as unduly burdensome.

18.    To the extent that Defendant provides information or documents in response to these Interrogatories, they do not concede that the information requested by Plaintiffs is relevant to the issue of personal jurisdiction, or that any documents, information, or responses to these Interrogatories are or will be admissible evidence at a trial of or any hearing in this or any other action. Defendant does not waive any objection, on any ground, whether or not asserted herein, to the use of any such Response at any such trial or hearing.

19.     The foregoing Explanatory Objections shall be deemed incorporated by reference in response to each Interrogatories as if fully set forth therein, and are not waived by the production of documents or information in response to any particular Interrogatory.

20.     The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered fact or facts, which it may later recall or learn. Defendant accordingly reserves the right to supplement and amend any and all responses herein as additional facts are ascertained, further evidence is gathered, analyses are made, legal research is completed, and contentions are made.

## OBJECTIONS TO DEFINITIONS

1.     Defendant objects to the definition of "Daniel's Law" as it does not accurately state what N.J.S.A 56:8-166.1 provides.

2.     Defendant objects to the definition of "Defendant" as unduly burdensome, overbroad, vague and ambiguous. Defendant will only respond on behalf of the Defendant named in this action.

3.     Defendant objects to the definition of "Identify" as unduly burdensome, overbroad, vague and ambiguous.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

1.     Identify any product, service, or digital platform that Defendant has since December 1, 2023, owned, licensed, or otherwise offered and that has published, provided access to, or otherwise made available the home addresses and/or telephone numbers of New Jersey residents.

**RESPONSE (1)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory

5

because it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction.

Subject to and without waiver of the foregoing Objections and the Explanatory Objections, since December 1, 2023, Defendant provides four categories of services to its customers that may make available home addresses and/or telephone numbers of New Jersey residents. These categories of services are:

1. The "Lookups Services": provides information for individuals, small businesses and a trial for enterprise customers. Lookup Services include the following products, which may make available home addresses and/or telephone numbers, including for New Jersey residents:

- Personator – This product provides address verification, which may verify or append a name or phone number to a given address.

- All-In-One Lookup – This product allows a lookup by address, name, company, phone, email, zip or IP Address. This product may append a phone or address to the data provided.

- Address Check – This product provides address verification which may append a name or phone number to an address.

- Property Information (single and batch) – This product allows for property lookup, which may provide the name of the owner of the property.

- Personator Search – This product allows for search by name and location, which may provide a list of potential addresses matching the searched name.

- Listware Online (batch version of Personator) – This products provides a version for Personator lookup for Excel or Comma Delimited lists or addresses.

6

- MAK to Address (requires Melissa MAK Number) – This product allows a lookup for Melissa Address Key (MAK), which may return the address for that number.

- MIK to Person (requires Melissa MIK Number) - This product allows a lookup for Melissa Individual Key (MIK), which may return an address and possibly phone.

2. The "Web Services": Defendant's Web Services or APIs (Application Programming Interfaces) allow for the programmatic integration of Melissa's data verification, enrichment, and processing functionalities directly into client systems, supporting real-time and batch operations for more automated and flexible data management. The Web Services include the following products, which may make available home addresses and/or telephone numbers, including for New Jersey residents:

- Personator Consumer (append) – This product validates and possibly corrects addresses in append mode.

- Personator Search – This product returns possible address matches for a given name.

- Smartmover (NCOA) – This product is an official licensed product of the United States Postal Service ("USPS") for postal patrons that voluntarily file a "Change of Address" with the USPS. It provides address change information for the United States National Change of Address program.

- Property Web Service – This product returns information about properties such as address, tax valuation, current value, deed transactions and owner name.

- People Business Search – This product assists parcel couriers in locating the proper recipient for a mal-addressed parcel.

7

- Global Phone – This product indicates if a phone number is valid and can be connected as well as the phone carrier, location and possibly the Caller ID associated with the number.

3. The "Data Lists Services": This category includes products that provide direct mail and email lists for advertisers and prospectors. The Data Lists Services include the following products, which may make available home addresses and/or telephone numbers , including for, New Jersey residents:

- Occupant Mailing Lists – This product provides a Postal Carrier Route or portion of Zip Code, which may include a name along with the address.

- Consumer Mailing Lists – This product provides geo location and other information.

- Property Owner Mailings Lists – This product provides geo location or other attributes of the property.

- New Movers Marketing Lists – This product may provide address and phone information for people who recently moved to a new area.

- New Homeowners Marketing Lists - This product may provide address and phone information for new homeowners.

4. The "Data Append Services": This category includes products that provide additional information to a list provided by a customer. The Data Append Services include the following products, which may make available home addresses and/or telephone numbers of New Jersey residents:

- Phone Append – This product appends a phone number to list containing name and address.

8

- Reverse Phone Append – This product appends an address and name to a list of phone numbers.

- NCOA – This product allows customers to provide a list of names and addresses to be processed through the USPS National Change of Address (NCOA) service.

Defendant further refers Plaintiffs to Defendant's response to Plaintiffs' Request for Production of Documents Relating To Jurisdictional Discovery ("RFPs") No. (1)(a).

2.       For each product, service, or digital platform identified in response to Interrogatory Number 1, provide information regarding all access, purchase, or use of the product since December 1, 2023 by anyone in New Jersey.

**RESPONSE(2)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65) Defendant responds that:

9



3.     Identify all officers, directors, employees, contractors, vendors, and any other individuals or entities who, on Defendant's behalf, have since December 1, 2023 been involved in any marketing, advertising, soliciting, or offering of any product, service, or digital platform that has published, provided access to, or otherwise made available information subject to Daniel's Law, including without limitation in New Jersey or to New Jersey customers.

**RESPONSE(3)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent that it seeks documents or information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant further objects to the term "information subject to Daniel's Law" as undefined and calling for a legal conclusion. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds that █████

10



4.    Identify any advertising or marketing activities conducted by Defendant or anyone acting on Defendant's behalf in New Jersey, including nationwide or multistate marketing activities that included marketing or advertising in New Jersey.

**RESPONSE (4)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information**.** Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds that as stated in the Certification of John Melissa Jr. ("Cert.") in support of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 50-1), Defendant offers web-based services through its commercially interactive website that is equally accessible to anyone in the world. Defendant does not target marketing, advertising or promotional materials at New Jersey or New Jersey residents as compared to any other jurisdiction. To the extent Defendant employs

11

advertising, marketing or promotional materials or engages in advertising or marketing activities, they are targeted at individuals and business in all fifty states. Except as described below, Defendant has not engaged in marketing, advertising or promoting its services in New Jersey. Nor has Defendant sent any employees or agents to New Jersey to prospect customers, makes sales presentations, provide services or support or consult on customer integration projects. ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5.      Identify any entity with whom Defendant has since December 1, 2023 had any contracts, agreements, or arrangements in connection with or for the provision of any product,

12

service, or digital platform that has published, provided access to, or otherwise made available information subject to Daniel's Law, including without limitation entities in New Jersey.

**RESPONSE(5)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant further objects to the term "information subject to Daniel's Law" as undefined and calling for a legal conclusion. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds that

13

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████

████████████████████████████████████████████████

6.    Identify all sources from which Defendant obtained information related to information subject to Daniel's Law, including without limitation entities in New Jersey and any public records made available by the State of New Jersey, any agency or instrumentality of the State of New Jersey, any county, municipality, or other local government in New Jersey, or any agency or instrumentality thereof.

**RESPONSE (6)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant further objects to the term "information subject to Daniel's Law" as undefined and calling for a legal conclusion. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds by referring Plaintiffs to its Response to Interrogatory No. 5. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████

14

7.      Identify any audit, review, or evaluation of Defendant conducted since December 1, 2023 by any officers, directors, employees, contractors, vendors, and other individuals or entities acting on Defendant's behalf for compliance with New Jersey law for any of Defendant's services, products, or digital platforms that publish, provide access to, or otherwise makes available information subject to Daniel's Law.

**RESPONSE (7)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory because it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant also objects to this Interrogatory to the extent it seeks communications or information covered by the attorney-client privilege or attorney work-product privilege. Defendant further objects to the term "information subject to Daniel's Law" as undefined and calling for a legal conclusion.

8.      Identify all officers, directors, employees, contractors, vendors, and other individuals or entities who, on Defendant's behalf, have reviewed, analyzed, processed, and/or responded to any Daniel's Law requests received since January 12, 2023.

**RESPONSE(8)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks communications or information covered by the attorney-client privilege or attorney work-product privilege. Defendant also objects to this Interrogatory because it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction.

9.     Describe all actions taken by Defendant to respond to any written requests under Daniel's Law received since January 12, 2023, including all communications with persons who sent nondisclosure requests to Defendant requesting redaction of their home addresses and phone numbers.

**RESPONSE(9)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks communications or information covered by the attorney-client privilege or attorney work-product privilege. Defendant also objects to this Interrogatory because it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction.

10.     Identify any address or phone number of a New Jersey resident that remained available in the database associated with any of Defendant's products, services, or digital platforms 10 days or more after Defendant received a nondisclosure request from a person asserting a right to nondisclosure under Daniel's Law, including any address or phone number of a New Jersey resident that is currently available in the database of information associated with any of Defendant's products, services, or digital platforms.

**RESPONSE(10)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory because it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. In addition, Defendant objects to this Interrogatory because to require a response would be unduly burdensome and oppressive. Defendant also objects to this Interrogatory because the information requested is equally available to Plaintiffs.

16

11.    State whether Defendant has, within the last 5 years, entered into any contract executed within the State of New Jersey or to be performed in whole or in part within New Jersey.

**RESPONSE(11)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant also objects to this Interrogatory to the extent it seeks communications or information covered by the attorney-client privilege or attorney work-product privilege. Defendant also objects to the time period in this Interrogatory as overbroad. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds that

12.    If the answer to Interrogatory No. 11 is affirmative, state the name of each party to each contract, the nature of each contract, the date of execution of each contract, the place of execution, and the place of performance.

**RESPONSE(12)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory

17

to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant also objects to this Interrogatory to the extent it seeks communications or information covered by the attorney-client privilege or attorney work-product privilege. Defendant also objects to the time period in this Interrogatory as overbroad. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds by referring Plaintiffs to its Response to Interrogatory No. 11.

13.    State whether Defendant, within the last 5 years, has commenced any legal actions within the State of New Jersey.

**RESPONSE (13)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant also objects to the time period in this Interrogatory as overbroad. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, Defendant responds that Defendant has not commenced any legal action within the state of New Jersey in the past 5 years.

14.    State whether Defendant, within the last 5 years, has been authorized to do business in the State of New Jersey by any state or governmental agency, department or organization.

**RESPONSE (14)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory

18

to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant also objects to the time period in this Interrogatory as overbroad. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, Defendant responds that Defendant has not been registered to do business in New Jersey.

15.    State whether Defendant has, within the last 5 years, applied to the state of its principal place of business claiming a tax credit or tax deduction for taxes paid in states other than the state of its principal place of business, including without limitation the State of New Jersey.

**RESPONSE (15)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant also objects to the time period in this Interrogatory as overbroad. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

16.    If the answer to Interrogatory No. 15 is affirmative, name each of the states in which Defendant claims that it paid taxes requiring such a tax deduction or tax credit.

**RESPONSE (16)**: Defendant objects to this Interrogatory as vague, ambiguous overly broad, and not proportional to the needs of the case. Defendant also objects to this Interrogatory

19

to the extent it seeks information that is not relevant to personal jurisdiction or reasonably calculated to lead to the discovery of admissible evidence on the issue of personal jurisdiction. Defendant objects to this Interrogatory as it seeks Defendant's confidential and proprietary information. Defendant also objects to the time period in this Interrogatory as overbroad. Subject to and without waiver of the foregoing Objections and the Explanatory Objections, and subject to the terms of Confidentiality Order Dated May 14, 2025 (Dkt. 65), Defendant responds by referring Plaintiffs to its Response to Interrogatory No. 15.

███████████████████████████████████

Dated: May 14, 2025

**RIKER DANZIG LLP**
/s/ *Michael P. O'Mullan*
Michael P. O'Mullan
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
Telephone: (973) 451-8477
Email: momullan@riker.com

*Attorneys for defendant*
*Melissa Data Corporation*

## <u>CERTIFICATION</u>

I am the Chief Financial Officer of Melissa Data Corporation. I hereby certify that, under penalty of perjury, to the best of my knowledge, the foregoing answers to interrogatories are true based upon the business records of Defendant, information provided by employees, officers and agents of Defendant, or to the best of my personal knowledge.

John Melissa, Jr.

Dated:  May 14, 2025

## CERTIFICATE OF SERVICE

I, Michael P. O'Mullan, hereby certify that on May 14, 2025, I caused the foregoing to be

transmitted by email to the following:

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email: rparikh@pemlawfirm.com
        keinhorn@pemlawfirm.com
        jmerejo@pemlawfirm.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
Ryan J. McGee
John A. Yanchunis
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Email: rmcgee@forthepeople.com
        jyanchunis@forthepeople.com

DATED this 14th date of May, 2025.

                                        **RIKER DANZIG LLP**

                                        /s/ *Michael P. O'Mullan*
                                        Michael P. O'Mullan
                                        Headquarters Plaza
                                        One Speedwell Avenue
                                        Morristown, NJ 07962
                                        Telephone: (973) 451-8477
                                        Email: momullan@riker.com

                                        *Attorneys for defendant*
                                        *Melissa Data Corporation*

# Exhibit 3

Q.    Okay.

A.

Q.

Q.    Okay.

A.    Okay.

Q.    Okay.

A.

Q.    Okay.



133

Q. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

A. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Q.    Okay.

A. ▓▓▓▓

Q. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

A. ▓▓▓▓▓▓▓▓▓▓

Q. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

A. ▓▓▓

Q. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

A. ▓▓▓

Q. ▓▓▓▓▓

A.    ▮▮▮▮

Q.    ▮▮▮▮

▮▮▮▮▮▮

A.    ▮▮▮▮

Q.    ▮▮▮▮▮

A.    ▮▮▮

Q.    ▮▮▮▮▮▮▮▮▮▮▮

A.    ▮▮▮▮▮▮▮▮

Q.    Okay, and I should -- okay.

Let me just show it to you rather than making you guess, page 12 of Exhibit 4, it is the third full sentence in that first paragraph. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A.    Page 12.

Q.    Yes, page 12, Exhibit 4 in the fifth line down begins with there's a sentence that starts with ▮▮▮▮▮▮▮▮

A.    I'm not -- I'm looking at page 12. You said it begins with what?

Q.    And just to make we're on the right page. So the beginning of -- the top of your page says ▮▮▮▮▮▮▮▮▮▮▮▮

A.    ▮▮▮▮

New York
212-273-9911

Hudson Court Reporting & Video
1-800-310-1769

New Jersey
732-906-2078



A.

Q.    Is Melissa Data able to determine monies that it earned from individuals or customers who are searching for information related to New Jersey residents?

MR.  MAROUF:  Can you repeat that.

I'm sorry.  Can you repeat that.

Q.    Sure.  I'll try.

Is Melissa Data able to determine the amount of monies that it earned from searches or customers who were seeking information about New Jersey residents?

A.    **That wouldn't really be possible.**

Q.    Okay.

And why not?

A.

**New York**
212-273-9911

**Hudson Court Reporting & Video**
1-800-310-1769

**New Jersey**
732-906-2078

■■■■■■■■■■■■■■■■■■■■■■

Q.    But you -- Melissa Data keeps track of the searches that are run by its own customers, right?

A.    If you mean like the Lookup customers?

Q.    Sure.

A.    It might be possible for Lookup customers to determine what the -- because we don't have any particular protection for Lookups customers that says we won't retain that Lookup information.

Q.    So, in other words, for information that -- I understand you to be telling me that for particular contracts most of the data can't retain some information, right?

A.    We don't retain any of that information for the web service customers.

Q.    Okay.

A.    The API customers, the larger customers.  For the people who just use the Lookup service individually, I believe we do retain the Lookup information.

Q.    So then for the Lookup services, is Melissa Data able to determine the amount of

money, monies that it has earned from individuals who are using those services to search for information related to New Jersey residents?

A.      **It wouldn't be a very accurate number because a lot of the, a lot of the uses of the Lookups are free, and even if you to Lookup, you know, when you buy the credit, we don't track particular buckets of credit, whether or not this Lookup came from free Lookups or the paid portion.**

Q.      In terms of those Lookups users, I know you told me there's the free and then the paid, you know, version.

Approximately, approximately what percentage of your Lookup users are in the free category?

A.      ████████████

Q.      ████████████████████████ ████████

A.      ███████

Q.      Okay.

And then for the folks that pay, on average how much money are those folks paying to actually use the Lookup service?

A.      **Per customer?**

**New York**
212-273-9911

**Hudson Court Reporting & Video**
1-800-310-1769

**New Jersey**
732-906-2078