Riker Danzig LLP
ATTORNEYS AT LAW

**Michael P. O'Mullan**
Managing Partner

Direct:
t: 973.451.8477
f: 973.538.1984
momullan@riker.com

7 Giralda Farms, Suite 250
Madison, NJ 07940-1051

November 18, 2026

**Via: Electronic Filing**
Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re:** *Atlas Data Privacy Corp., et al. v. Melissa Data Corp., et al.*,
Civil Action No. 1:24-cv-04292-HB

Dear Judge Bartle:

This firm represents Defendant Melissa Data Corp. ("Melissa") in the above-referenced matter. We write in response to Plaintiffs' November 10, 2026 letter (the "Letter"). See ECF 146 in 1:24-cv-04292. In the Letter, which was submitted without engaging in any meet and confer process, Plaintiffs purport to single out certain discovery objections while retaining others for later and ask the Court to strike Defendants' numerical objections and order revised responses. They also ask the Court to require Defendants to coordinate a single competing ESI protocol within seven days, to direct that production proceed immediately, and to set a deadline for substantial completion of production. Melissa respectfully requests that the Court decline to grant the relief Plaintiffs seek as to Melissa. Instead, Melissa asks that the Court require Plaintiffs to meet and confer with Melissa, as the Court's September 9, 2026 Order (the "Discovery Order") requires, before seeking Court intervention. *See* ECF137.

**The Letter is premature as to Melissa.** The Discovery Order requires the parties to meet and confer about any objections or inadequate responses to interrogatories or requests for production before seeking the Court's intervention. ECF 137. Plaintiffs did not contact Melissa about any alleged deficiency in its discovery responses before filing the Letter. Had they done so, Melissa would have explained the points below. Melissa has also identified deficiencies in Plaintiffs' discovery responses, including, but not limited to, many several of Plaintiffs' specific responses and objections, as well as Plaintiffs' unnecessary and unreasonable designation of certain produced documents as Attorneys' Eyes Only. Melissa is still reviewing Plaintiffs' discovery responses and intends to send Plaintiffs a deficiency letter regarding their discovery responses in due course. It would also have taken the opportunity, as the Court directed, to address any remaining issues before motion practice. *Id.*

As to the substance of the deficiencies Plaintiffs allege, they are either inapplicable to Melissa or without merit:

**Service of discovery responses.** Plaintiffs' complaint that some defendants did not serve any discovery responses does not apply to Melissa. Melissa timely served its objections and responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents on November 3, 2026, as the Discovery Order requires.

**Numerosity objections.** Plaintiffs claim Melissa improperly counted their requests as 64 interrogatories and 119 document requests. Melissa did not refuse to answer any interrogatory, or to respond to any document request, on that basis alone. As is customary in discovery, the parties disagree about whether the number of requests fall within the Court's order and Melissa asserted the numerosity objection to preserve it. Nor was Melissa required to provide pre-response notice of this or any other objection, as Plaintiffs suggest. Melissa expressly stated that it was responding to the requests as numbered without conceding that they fall within the limits of the Discovery Order. Melissa then went on to respond to every non-objectionable demand, including every interrogatory and request that falls beyond the limit under Melissa's count. For example, Melissa substantively answered Interrogatories Nos. 19, 20, 22 and 25. It also agreed to produce documents in response to document requests falling beyond the limit, subject to its other objections. Plaintiffs' argument that defendants have used numerosity objections to avoid answering or to refuse to search for documents therefore does not apply to Melissa. Melissa nonetheless maintains its objection that Plaintiffs' written discovery far exceeds the limit of twenty-five interrogatories and thirty requests for production, including subparts, set by the Discovery Order. *Id.* Melissa expressly reserves the right to seek appropriate relief on that basis.

**Production and the ESI protocol.** Plaintiffs complain that Melissa "defers production on multiple requests until a protocol is agreed." Proceeding otherwise would be inefficient. An ESI protocol sets the specifications under which the parties will produce documents. Producing documents before those specifications are agreed risks having to re-produce the same documents later in a different format. Melissa has already produced documents in this action and has identified them by Bates number in its interrogatory responses (e.g., MEL_018945–MEL_019267). It stands ready to make further productions once an ESI protocol is in place and meet and confers have taken place.

The Letter states that Plaintiffs circulated a proposed ESI protocol "to lead defense counsel on September 21, 2026, for distribution to all Defendants." **Plaintiffs never sent their proposed ESI protocol to Melissa or its counsel and have never contacted Melissa directly about any ESI protocol.** Melissa learned of Plaintiffs' proposed protocol only from other defendants in the related Daniel's Law actions. Plaintiffs cannot fault Melissa for not agreeing to a protocol that Plaintiffs never proposed to it.

Moreover, Plaintiffs' proposed protocol departs substantially from this District's exemplar ESI protocol, which is annexed hereto as **Exhibit A**. Among other things, Plaintiffs' proposed protocol would require each party, within fourteen days, to disclose custodians, non-custodial and third-party data sources, and inaccessible data, and to provide unique hit counts by search term and custodian. It would also impose detailed requirements for structured-data extracts and for technology-assisted review, including statistical validation, recall thresholds, and disclosure of

review protocols and prompts. Melissa does not consent to Plaintiffs' proposed protocol, to the extent Plaintiffs suggest it should govern this action.

Plaintiffs also complain that they face "the prospect of negotiating competing protocols defendant by defendant." That is not a legitimate grievance. Melissa is entitled to defend its own case. Although these Daniel's Law actions are coordinated, each involves a different defendant, different electronic systems, and different factual allegations. Melissa should not be bound by negotiations between Plaintiffs and other defendants' counsel to which Melissa was never a party. Nor does the Discovery Order set a deadline for the first production of documents or for substantial completion of document production. *See ECF 137*. Indeed, in opposing Defendants' motion to stay discovery, Plaintiffs themselves told the Third Circuit that "no documents need to be produced nor deposition taken until 2027." *See* Third Circuit Docket No. 25-157, ECF 119-1 at 7; *see also Id.* at 10-11 ("[t]here is no prospect of documents being exchanged or a deposition to take place until 2027.") Melissa is prepared to meet and confer with Plaintiffs about an ESI protocol based on this District's exemplar, to continue searching for responsive documents based on the outcome of the meet and confer process, and to begin rolling productions promptly once a protocol is agreed.

The Letter is premature as to Melissa, and it deprives the parties of the meet-and-confer process the Discovery Order requires. Melissa therefore respectfully requests that the Court deny Plaintiffs requested relief as to Melissa and order Plaintiffs to meet and confer with Melissa, as the Discovery Order mandates. *See* ECF 137.

Thank you for your consideration.

Respectfully,

*/s/ Michael P. O'Mullan*
Michael P. O'Mullan

cc: All counsel of record (via ECF)